EHRLICH, Justice,
concurring in part and dissenting in part.
I concur with the majority in approving the referee’s finding of guilt, but I dissent as to the recommended discipline.
*1259 The majority speaks of respondent’s “relatively recent admission to the Bar.” The fact is that Mr. Garcia is a 1977 law school graduate and admitted to practice law in Florida in 1978. The misconduct in question extends from 1982 through 1984.
Case Number 65,468 involves two separate cases. In one, respondent agreed to represent a client in a case that was “over his head,” with the resulting mishandling and neglect. The second case involved the claim against an insuror and was neglected. The referee recommended a public reprimand and one year’s probation. I concur with this recommendation.
Case Number 65,936 also involved two cases. One was a simple divorce. Respondent mishandled the matter and misrepresented to his client his activities in the case. The referee was persuaded that respondent “was apparently ill-equipped to prosecute it.” The other matter relates to misuse of respondent’s trust account and the mishandling of trust funds. The referee recommended the same discipline, a public reprimand, and probation for one year, consecutive to any discipline imposed Case No. 65,468. The acts involved in this claim are more serious than those in the other one, principally because of the pattern of misconduct in mishandling cases and respondent’s failure to be truthful and candid with his clients, and because of his misuse and mishandling of trust account monies. The referee’s recommended probation is in order, but a public reprimand is not adequate.
Even though the two claims were tried together for purposes of judicial economy they are separate and distinct and the referee properly treated them as such and he could do nothing more than make separate recommendations. This Court is under no such constraints and can and should impose discipline in the aggregate. The majority is apparently of the view that the discipline for multiple infractions of the Integration and Disciplinary Rules merit less discipline than the sum of the total since it concludes that a public reprimand and two year’s probation are the appropriate discipline. Considering both cases, I view the public reprimand to be nothing more than a token discipline and inappropriate here.
The proper discipline, in my opinion, is a suspension for thirty days followed by supervised probation for two years. Anything less than this will not get respondent’s attention. This will give Mr. Garcia a period of time to take stock of his career and his professional life and to make the necessary changes, if he wants to remain a practicing attorney. This will serve the public purpose for imposing this discipline.
SHAW, J., concurs.